**BROCK, State Bank Com'r, v. CITIZENS STATE BANK & TRUST CO.**

**Opposition of BASTROP BANK & TRUST CO. (two cases).**

**Nos. 5343, 5344.**

Court of Appeal of Louisiana. Second Circuit.

March 8, 1938.

Writ of Certiorari and Review Granted May 2, 1938.

For former opinion, see 172 So. 546.

James T. Shell, Jr., and Madison, Madison & Fuller, all of Bastrop, for opponent Douglas Riser.

Edward L. Gladney, Jr., of Bastrop, for opponent Ora Brandon.

Hawthorne & Files, of Bastrop, for liquidator.

HAMITER, Judge.

The issues and facts in these cases were accurately and clearly stated in our opinion on the original hearing (172 So. 546), and a repetition of them here is deemed unnecessary.

■ On the former hearing we held that, in view of the provisions of Act No. 63 of 1926, opponents possessed a privilege on the assets of the Citizens Bank & Trust Company of Bastrop, La., in liquidation, and were entitled to be paid the balance due them in full from funds in the hands of the liquidator. It was stated in our prior opinion, and we now hold to the same belief, that such bank occupied the dual position of tutor for the minors

and of a collecting agent. As such tutor, it received the checks from the United States Veterans' Bureau and was charged with the duty of investing the proceeds thereof in accordance with the laws of this state. When making collection of the checks, it acted in the capacity of collecting agent for its principal, the tutor bank. No deposit of the funds was authorized or contemplated. On the contrary, the agreement entered into between the Veterans' Bureau, the bank, and the cotutors and undertutors of the minors specifically provided for their receipt and investment. By depositing the funds, a double breach of the bank's duties resulted. As collecting agent, it should have "remitted," fictionally speaking, the proceeds for the purpose of investment, and as tutor, investments thereof should have been made.

These cases, in our opinion, clearly provide a situation where the bank has received checks "for collection and remittance or delivery to its principal and not for deposit." Consequently, we think the provisions of Act No. 63 of 1926 are applicable and that opponents are entitled to preference payments.

In the case of In re Hibernia Bank & Trust Co., Pan-American Life Ins. Co., Intervener, 185 La. 448, 169 So. 464, the Supreme Court stated in substance that the above-mentioned statute is applicable only when the principal appoints the bank as a collecting agent to remit or deliver the proceeds to such principal, and no authority is granted for a depositing of the collected funds; and that it is not pertinent whenever the collecting agent is impliedly or expressly authorized to deposit the funds for the purpose of paying debts owed by the principal. The intervener in that case was held to be an ordinary creditor, and not protected by Act No. 63 of 1926, for the reason that the bank in question was authorized to deposit the collected funds and thereafter pay maturing obligations of the principal.

The decision in the Pan-American Life Insurance Company Case was referred to and approved in Re Interstate Trust & Banking Company, 188 La. 211, 176 So. 1.

Our holding in the instant cases does not appear to be in conflict with the above-cited authorities.. Here the bank in its capacity of collecting agent was obligated to collect the funds "for remittance or delivery" to its principal, the tutor bank, for investment, and it possessed no authority whatsoever to deposit them.

In the opinion on the original hearing we stated and held that the minor Ora Brandon was entitled to be paid the penalty, in the form of interest, provided for in article 347 of the Civil Code, because of the bank's failure to invest the minor's revenues; and a preference payment of it was decreed. The penalty, we think, was properly imposed, but we are now of the opinion that it is not a privileged claim. The imposition of the interest penalty results by reason of the bank's neglect, in its capacity of tutor, to invest the funds of the minor, and not because of its failure, as a collecting agent, to remit the collected funds. Act No. 63 of 1926, which grants the privilege on the assets of the bank, relates solely to the bank's activities as a collecting agency, and makes no reference to its operations in other capacities. The interest penalty imposed, therefore, enjoys only ordinary ranking.

Accordingly, our former decrees are amended to the extent that the interest penalty therein ordered shall be paid as an ordinary claim instead of by preference, and as thus amended such decrees are reinstated and made the final judgments of this court.